| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| SCOTT C. CLARKSON, ESQ.<br>CLARKSON, GORE & MARSELLA, APLC<br>3424 Carson Street, Suite 350<br>Torrance, California 90503<br><br>(310) 542-0111<br>(310) 213-7254<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Bay Area Financial Corporation | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re: 57 Market Street, LLC | CHAPTER: 11 |
|---|---|
| | CASE NO.: 1:10-bk-11114-GM |
| | DATE: TBD<br>TIME:<br>CTRM:<br>FLOOR: |
| Debtor(s). | |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: Bay Area Financial Corporation )
### (Real Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any) ("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:** ☐ **255 East Temple Street, Los Angeles**   ☐ **411 West Fourth Street, Santa Ana**
   ☒ **21041 Burbank Boulevard, Woodland Hills**   ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☐ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☒ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

   ☐ at the hearing   ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                          **F 4001-1M.RP**

F4001MRP

Motion for Relief from Stay (Real Property) - *Page 2 of* ____    **F 4001-1M.RP**

| In re    (SHORT TITLE)<br>57 Market Street, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NO.: 1:10-bk-11114-G |

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: March 5, 2010

CLARKSON, GORE & MARSELLA, APLC
*Print Law Firm Name (if applicable)*

Scott C. Clarkson, Esq.
*Print Name of Individual Movant or Attorney for Movant*

/s/ Scott C. Clarkson
*Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 3 of* ____    **F 4001-1M.RP**

| In re                                             (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| 57 Market Street, LLC | |
| Debtor(s). | CASE NO.: 1:10-bk-11114-GM |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT: Bay Area Financial Corporation ____ )

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

   *Street Address:* 57 Market Street
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Venice, California 90291

   Legal description or document recording number (including county of recording):

   Please see Exhibit "A"
   [X] See attached continuation page.

2. **Case History:**

   a. [ ] A voluntary  [X] An involuntary  petition under Chapter  [ ] 7  [X] 11  [ ] 12  [ ] 13
   was filed on *(specify date)*:

   b. [ ] An Order of Conversion to Chapter  [ ] 7  [ ] 11  [ ] 12  [ ] 13
   was entered on *(specify date)*:

   c. [ ] Plan was confirmed on *(specify date)*:

   d. [ ] Other bankruptcy cases affecting this Property have been pending within the past two years.  See attached Declaration.

3. **Grounds for Relief from Stay:**

   a. [X] Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

   (1) [X] Movant's interest in the Property is not adequately protected.

       (a) [X] Movant's interest in the collateral is not protected by an adequate equity cushion.

       (b) [X] The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

       (c) [ ] No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

       (d) [ ] Payments have not been made as required by an Adequate Protection Order previously granted in this case.

   (2) [X] The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

       (a) [ ] Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

       (b) [ ] Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

       (c) [ ] The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.

       (d) [X] Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Real Property) - *Page 4 of* ____    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| 57 Market Street, LLC | | |
| | Debtor(s). | CASE NO.: 1:10-bk-11114-GM |

    (3) ☐   *(Chapter 12 or 13 cases only)*

        (a) ☐   Postconfirmation plan payments have not been made to the Standing Trustee.

        (b) ☐   Postconfirmation payments required by the confirmed plan have not been made to Movant.

    (4) ☐   For other cause for relief from stay, see attached continuation page.

(b) ☐   Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

(c) ☐   Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

(d) ☒   Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐   The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☒   Multiple bankruptcy filings affecting the Property.

4. ☒   Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5.   **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    a. ☒   Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    b. ☒   Other Declaration(s) are also attached in support of this Motion.

    c. ☐   Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

    d. ☐   Other evidence *(specify)*:

6. ☒   **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1.   Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☒   Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒   Additional provisions requested:

    a. ☒   That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☒   That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    c. ☐   That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F 4001-1M.RP

| In re (SHORT TITLE) 57 Market Street, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NO.: 1:10-bk-11114-GM |

    d.   [ ]   For other relief requested, see attached continuation page.

4.   If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: March 5, 2010

Respectfully submitted,

Bay Area Financial Corporation
*Movant Name*

CLARKSON, GORE & MARSELLA, APLC
*Firm Name of Attorney for Movant (if applicable)*

By: /s/ Scott C. Clarkson
*Signature*

Name: Scott C. Clarkson, Esq.
*Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F 4001-1M.RP

Motion for Relief from Stay (Real Property) - *Page 6 of* ____                    **F 4001-1M.RP**

| | | |
|---|---|---|
| In re | (SHORT TITLE) | CHAPTER: 11 |
| 57 Market Street, LLC | Debtor(s). | CASE NO.: 1:10-bk-11114-GM |

# REAL PROPERTY DECLARATION
## (MOVANT: Bay Area Financial Corp.     )

I, Ashton F. Pitts _____ , declare as follows:
_____(Print Name of Declarant)_____

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

    ☐ I am the Movant and owner of the Property.

    ☐ I manage the Property as the authorized agent for the Movant.

    ☒ I am employed by Movant as *(state title and capacity)*: Vice President

    ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the Property that is the subject of this Motion is:

    *Street Address:* 57 Market Street
    *Apartment/Suite No.:*
    *City, State, Zip Code:* Venice, California 90291

    b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit   "A"  .

      ☒ See attached page.

4. Type of property *(check all applicable boxes)*:

    a. ☐ Debtor's(s') principal residence     b. ☐ Other single family residence

    c. ☐ Multi-unit residential              d. ☒ Commercial

    e. ☐ Industrial                          f. ☐ Vacant land

    g. ☐ Other *(specify)*:

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                          **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 7 of* ____      **F 4001-1M.RP**

| In re          (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| 57 Market Street, LLC | |
| Debtor(s). | CASE NO.: 1:10-bk-11114-GM |

5. Nature of Debtor's(s') interest in the Property:

  a. ☐ Sole owner

  b. ☐ Co-owner(s) *(specify)*:

  c. ☐ Lien holder *(specify)*:

  d. ☐ Other *(specify)*:

  e. ☐ Debtor(s) ☐ did ☐ did not list the Property in the Schedules filed in this case.

  f. ☒ Debtor(s) acquired the interest in the Property by ☐ grant deed ☒ quitclaim deed ☐ trust deed

    The deed was recorded on: 7/23/2009

6. Amount of Movant's claim with respect to the Property:

| | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|
| a. Principal: | $ 226,896 | $ | $ 226,896 |
| b. Accrued Interest: | $ 9,460 | $ | $ 9,460 |
| c. Late Charges | $ 404 | $ | $ 404 |
| d. Costs (Attorney's Fees, Other Costs): | $ | $ | $ |
| f. Advances (Property Taxes, Insurance): | $ | $ | $ |
| g. TOTAL CLAIM as of _____: | $ | $ | $ |

  h. ☒ Loan is all due and payable because it matured on *(specify date)*: 8/4/2009

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other *(specify)* that encumbers the Property.

  a. A true and correct copy of the document as recorded is attached as Exhibit "B".

  b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit "C".

  c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:

  a. Current interest rate: 8.25%

  b. Contractual maturity date: 8/4/2009

  c. Amount of current monthly payment: $

  d. Number of PREPETITION payments that have come due and were not made: 5 . Total amount: $ 7,954

  e. Number of POSTPETITION payments that have come due and were not made: 1 . Total amount: $ 1,612

  f. Date of POSTPETITION default: N/A

  g. Last payment received on the following date: 7/2/2009

  h. Notice of default recorded on the following date: 8/19/2009

  i. Notice of sale recorded on the following date: 11/20/2009

  j. Foreclosure sale originally scheduled for the following date: 12/12/2010

  k. Foreclosure sale currently scheduled for the following date: N/A

  l. Foreclosure sale already held on the following date: 2/1/2010

  m. Trustee's deed on sale already recorded on the following date: N/A

  n. Future payments due by time of anticipated hearing date *(if applicable)*:
An additional payment of $ 1,465 will come due on 3/4/2010 , and on the 4th day of each month thereafter. If the payment is not received by the 4th day of the month, a late charge of $ _____ will be charged to the loan.

9. Attached hereto as Exhibit "D" is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

## #10 D ATTACHMENT TO MOTION FOR RELIEF FOR AUTOMATIC STAY

#10 D other (specify): Value is estimated based on the estimated finished value of the construction project when this loan was made ($2,800,000.00) that was reduced by a broker's price opinion of $2,400,000.00 from about six months prior to the petition date, and Creditor's estimates the softening commercial market has decreased the value to $2,200,000.00.

Motion for Relief from Stay (Real Property) - *Page 8 of* ____          **F 4001-1M.RP**

| In re                   (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| 57 Market Street, LLC | |
| Debtor(s). | CASE NO.: 1:10-bk-11114-GM |

10. [X] *(Chapter 7 and 11 cases only):* The fair market value of the entire Property is $ ____2,200,000____, established by:

    a.    [ ]  Appraiser's declaration with appraisal attached herewith as Exhibit _____.

    b.    [ ]  A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

    c.    [ ]  A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit _____.

    d.    [x]  Other *(specify):* (See attachment #10d)

11. [X] The fair market value of the Property is declining based on/due to: economic and real estate climate.

12. [ ] **Calculation of equity in Property:**

    a.   Based upon   [ ] preliminary title report   [ ] Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor(s) (if any) | Amount Known to Declarant and Source |
|---|---|---|---|
| 1st Deed of Trust: | Chase Mortgage | | $1,800,000.00 |
| 2nd Deed of Trust: | Bay Area Financial | | $236,762.15 |
| 3rd Deed of Trust: | 57 Market Street, LLC | | $570,650.00 |
| Judgment Liens: | | | |
| Taxes: | | | |
| Other: | | | |
| **TOTAL DEBT: $** | $2,607,412.15 | | |

    b.   Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit E,F,G,H, and consists of:

       [ ] Preliminary title report

       [ ] Relevant portions of Debtor's(s') Schedules as filed in this case

       [X] Other *(specify):* copies of deeds

    c.   Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ ____0.00____ (§ 362(d)(2)(A)).

    d.   The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ ____163,238____ (§ 362(d)(1)).

    e.   Estimated costs of sale: $ ____108,000____ (Estimate based upon __6__ % of estimated gross sales price)

13. [ ] *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

    a.   341(a) Meeting currently scheduled for (or concluded on) the following date:
       Confirmation hearing currently scheduled for (or concluded on) the following date:
       Plan confirmed on the following date *(if applicable):*

    b.   Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| | | | | | |
|---|---|---|---|---|---|
| *(Number of)* _____ | payment(s) due at $ _____ | each | = | $ _____ |
| *(Number of)* _____ | payment(s) due at $ _____ | each | = | $ _____ |
| *(Number of)* _____ | late charge(s) at $ _____ | each | = | $ _____ |
| *(Number of)* _____ | late charge(s) at $ _____ | each | = | $ _____ |

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 9 of* ____    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| 57 Market Street, LLC | Debtor(s). | CASE NO.: 1:10-bk-11114-GM |

c.    Postpetition/preconfirmation advances or other charges due but unpaid:    $ _____
      (See attachment for details of type and amount.)

            **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**    $ _____

d.    Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

      *(Number of)* _____ payment(s) due at $ _____ each    =    $ _____
      *(Number of)* _____ payment(s) due at $ _____ each    =    $ _____
      *(Number of)* _____ late charge(s) at  $ _____ each    =    $ _____
      *(Number of)* _____ late charge(s) at  $ _____ each    =    $ _____

e.    Postconfirmation advances or other charges due but unpaid:    $ _____
      (See attachment for details of type and amount.)

            **TOTAL POSTCONFIRMATION DELINQUENCY:**    $ _____

f.    ☐    The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____ .

g.    ☐    See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14.   ☐    Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15.   ☐    The court determined that the Property qualifies as single asset real estate on _____ . More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16.   ☒    See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17    ☒    The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

a.    ☒    The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b.    ☒    Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:

      1.   Case Name: In Re 57 Market Street, LLC
            Case Number: 1:09-bk-26620-GM    Chapter: 11
            Date Filed: 12/09/2009    Date Dismissed:    Date Discharged:
            Relief from stay re this property    ☐ was    ☒ was not  granted.
      2.   Case Name:
            Case Number:    Chapter:
            Date Filed:    Date Dismissed:    Date Discharged:
            Relief from stay re this property    ☐ was    ☐ was not  granted.
      3.   ☐    See attached continuation page for more information about other bankruptcy cases affecting the Property.

☒    See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Real Property) - Page 10 of

| In re<br>57 Market Street, LLC<br>(SHORT TITLE) | Debtor(s). | F 4001-1M.RP |
|---|---|---|
| | | CHAPTER: 11 |
| | | CASE NO.: 1:10-bk-11114-GM |

18. | X | Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

a. | X | These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

b. | | Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

c. | X | For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on March 5, 2010, at California _____ (city, state).

Ashton F. Pitts
_____
Print Declarant's Name

_____
Signature of Declarant

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

**F 4001-1M.RP**

# EXHIBIT "A"

EXHIBIT "A"

Legal Description

LOT 12, IN BLOCK "A" OF VENICE OF AMERICA, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 6 PAGES 126 AND 127, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THE SOUTHEASTERLY 5 FEET THEREOF CONVEYED TO THE CITY OF OCEAN PARK FOR STREET PURPOSES BY DEED RECORDED IN BOOK 5575 PAGE 96, OF DEEDS.

MORE COMMONLY KNOWN AS: 57 Market Street, Venice, CA 90291.

# EXHIBIT "B"

# Equity Title

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO
Bay Area Financial Corporation
CFL License No. 603-1881
12400 Wilshire Blvd., Ste. 230
Los Angeles, CA 90025



02/04/08

**20080204913**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST AND ASSIGNMENT OF RENTS AND
## REQUEST FOR SPECIAL NOTICE

This Document Provided by Commonwealth Land Title Company

This Deed of Trust, made this 31st day of September, 2008                    ,between **SHARI H. CREED AND THOMAS S. CREED WIFE AND HUSBAND AS JOINT TENANTS**, here in called Trustor, whose address is 516 Beirut, Pacific Palisades, CA 90272 and Bay Area Financial Corporation, a California Corporation, herein called **Beneficiary**, whose address is 12400 Wilshire Blvd., Ste. 230, Los Angeles, CA 90025 and JOB INSURANCE AGENCY, A California corporation, herein called **Trustee,**

**Witnesseth:** THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles County, California, described as:

See Exhibit "A" attached hereto and by this reference, incorporated herein.
Additionally this deed of trust is subject to the terms and conditions as set forth in "Rider No. 1" which is attached hereto and made a part hereof.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits. **For the Purpose of Securing: 1.** Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidence by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of $250,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) That Trustor will observe and perform said provisions; and that the referenced to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations and parties set forth in this Deed of Trust.

(2) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(3) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein and in such order as beneficiary may determined or at option of Beneficiary the entire amount so collected or any part hereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereinunder or invalidate any act done pursuant to such notice.

(4)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed.

(5)  To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein. Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or preceding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(7)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(8)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9)  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property held hereunder. The recitals in such RECONVEYANCE of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may described as "The person or persons legally entitled thereto". Five years after issuance of such full RECONVEYANCE, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

(11) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving until Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonably attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determined. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall post it with Trustee this Deed said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required y law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determined, a public auction to the highest bidder for cash in lawful money of the United States, payable a the time of sale. Trustee may postpone sale of all or a portion of said property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(13) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(14) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges of the note secured hereby whether or not named as Beneficiary herein. In this Deed, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(15) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

In accordance with Section 2924b, Civil Code, request is hereby made by the undersigned TRUSTOR that a copy of any Notice of Default and a copy of any Notice of Sale under Deed of trust recorded on January 11, 2008, Instrument No. 20080064741, in Book N/A, Page N/A, of Official Records in the Office of the County Recorder of Los Angeles as affecting above described property, executed by SHARI H, CREED and THOMAS S. CREED, WIFE AND HUSBAND AS JOINT TENANTS, as Trustor in which is named CALIFORNIA RECONVEYANCE COMPANY, A CALIFORNIA CORP., as Trustee, in which is named WASHINGTON MUTUAL BANK, FA, A FEDERAL SAVINGS BANK, as Beneficiary be mailed to Bay Area Financial Corporation , a California Corporation whose address is 12400 Wilshire Blvd., Ste. 230, Los Angeles, CA 90025.

NOTICE: A copy of any Notice of Default and of any Notice of Sale will be sent to the address contained in this record request. If you address changes, a new request must be recorded.

Dated: January 31, 2008

Shari H. Creed

Thomas S. Creed

---

STATE OF CALIFORNIA
COUNTY OF _Los Angeles_ )ss.
On _1-31-08_ before me, _Kim Wizer_ (insert name) Notary Public, personally appeared _Shari H. Creed and Thomas S. Creed_ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY AND PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature



KIM WIZER
Commission # 1746858
Notary Public - California
Los Angeles County
My Comm. Expires Jun 19, 2011

PAGE 3

EXHIBIT "A"

Legal Description

LOT 12, IN BLOCK "A" OF VENICE OF AMERICA, IN THE CITY OF LOS ANGELES,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 6 PAGES 126 AND 127, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER
OF SAID COUNTY.

EXCEPT THEREFROM THE SOUTHEASTERLY 5 FEET THEREOF CONVEYED TO THE
CITY OF OCEAN PARK FOR STREET PURPOSES BY DEED RECORDED IN BOOK 5575
PAGE 96, OF DEEDS.

MORE COMMONLY KNOWN AS: 57 Market Street, Venice, CA 90291.