SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CHRISTINE M. FITZGERALD, ESQ. SBN 259014
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Attorneys for Creditor, Bay Area
Financial Corporation

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>57 Market Street, LLC,<br><br><br>Debtor. | Case No. 1:10-bk-11114-GM<br><br>Chapter 11<br><br>SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>Date:  TBD<br>Time:<br>Ctrm:<br>    21041 Burbank Blvd<br>    Woodland Hills, CA |

TO THE HONORABLE KATHLEEN THOMPSON, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:

Bay Area Financial Corporation ("Bay Area") hereby submits its Supplemental Memorandum of Points and Authorities in Support of its Motion for Relief from Automatic Stay (the "Motion") in the case of 57 Market Street, LLC (the "Debtor").

///

///

///

///

I.

## INTRODUCTION

This bankruptcy case was filed in bad faith and in order to hinder, delay and defraud creditors, who made loans secured by certain real property, which the Debtor purports to own. Bay Area Financial Corporation ("Bay Area") holds a second trust deed secured by that real property, but the borrowers for that loan were Shari H. and Thomas S. Creed (the "Creeds"), not the Debtor. As discussed in detail below, the Creeds quitclaimed their interest in the Property to the Debtor after Bay Area made that loan. When the loan was not paid as required, Bay Area sought to foreclose on the property, and a voluntary case (which was filed before this involuntary case) was filed to stop the foreclosure. This Court dismissed the Debtor's voluntary case because the person that filed it was not properly authorized to act on the Debtor's behalf. Bay Area sought to proceed with a foreclosure sale of the real property on February 1, 2010, and that same person, on behalf of another entity, filed this involuntary case for the Debtor on February 1, 2010 in an attempt to stop the foreclosure, so this case was filed in bad faith. Because the Debtor's case was filed in bad faith and/or to hinder, delay or defraud creditors, Bay Area seeks for the Court to annul the automatic stay retroactive to the date of the filing of this case.

II.

## STATEMENT OF THE CASE

This involuntary case was filed on February 1, 2010 (the "Petition Date"). The Debtor received a quitclaim deed dated January 14, 2008 to 57 Market Street, Venice, CA 90291 (the "Property") from the Creeds. However, that deed was not recorded until over a year and a half later on July 23, 2009, as discussed in detail below.

It appears that at least three loans are secured by the Property. Chase appears to hold a deed of trust securing $1.8 million loan to the Creeds. Bay Area Financial Corporation ("Bay Area") is the lender on one of those loans. Bay Area loaned $250,000 to the Creeds, and that loan was secured by a second trust deed on the Property that was recorded on February 4, 2008.

The Property was later transferred by Shari H. Creed and Thomas S. Creed to Shari H. Creed and Thomas S. Creed, Trustees of the Creed Family 2008 Trust, U/T/D Dated March 12,

2008, and the related deed of trust was recorded on March 20, 2008. See Exhibit D to the Motion.

A Short Form Deed of Trust and Assignment of Rents dated January 9, 2008 between Shari H. Creed and Thomas S. Creed as trustors, MAM as beneficiary, and Provident Title Company as trustee was not filed until July 23, 2009. See Exhibit E to the Motion. Therefore, it appears that MAM made a loan secured by the Property.

Also on July 23, 2009, a quitclaim deed from Shari H. Creed and Thomas S. Creed to the Debtor was recorded, but that deed was executed by the parties and notarized on January 14, 2008. See Exhibit F to the Motion.

On August 19, 2009, Bay Area sent a Notice of Default because the borrowers had defaulted on the loan secured by the Property. On November 19, 2009, the trustee for Bay Area's trust deed sent a Notice of Trustee's Sale to the Creeds, which provided for sale of the Property on December 11, 2009. See Exhibit G to the Motion. On December 9, 2009, Alex Martinez, who is a partner in a member of the Debtor, purported to file a voluntary petition for the Debtor in this Court (Case No. 1:09-bk-26620).

On December 21, 2009, Tom Creed, Shari Creed, and Stephen Foreht, comprising 67% of the ownership of the Debtor, filed a motion to dismiss that bankruptcy case "on the grounds that Alex Martinez, the individual who filed the voluntary chapter 11 petition on behalf of 57 LLC, did not have the requisite authority under state law, and the operating agreement of the LLC, to authorize the bankruptcy filing . . . ." Notice of Motion and Motion To Dismiss Chapter 11 Case filed in Case No. 1:09-bk-26620 [Docket No.6] ("Motion to Dismiss").[1] According to the Motion to Dismiss, the Creeds "are 62% members of 57 LLC; Stephen Foreht is a 5% member, and MAM Wealth Management Real Estate Fund, LP a Delaware Limited Partnership ('MAM') is a 33% member [of the Debtor]. Alex Martinez and Ian Mitchell are the partners of MAM." Motion to Dismiss at p. 3.

Also on December 21, 2009, Tom Creed, Shari Creed, and Stephen Foreht filed the Notice Of Motion And Motion For Sanctions Pursuant To F.R.B.P. 9011 ("Motion For Sanctions") [Case No. 1:09-bk-26620, Docket No. 8] seeking sanctions against Mr. Martinez because "Mr. Martinez had no authority to file the bankruptcy petition, and his factual and legal contention in signing the petition that he had 'been authorized to file this petition on behalf of the

---

[1] Bay Area requests that the Court take judicial notice of the pleadings filed in Case No. 1:09-bk-26620.

debtor' is a clear violation of FRBP 9011(b)(2) and (3)." Motion for Sanctions at p. 4.

On January 19, 2010, this Court dismissed that case and continued the hearing on sanctions requested against Alex Martinez. See "Order Dismissing Case, Retaining Jurisdiction And Continuing Hearing On Motion For Sanctions" [Case No. 1:09-bk-26620, Docket No. 26] entered on January 19, 2010.[2] This Court recognized that the first case "was filed to stop what appears to be a properly scheduled foreclosure sale by a third party." Memorandum Of Opinion Regarding Motion For Sanctions [Case No. 1:09-bk-26620, Docket No. 29] entered on February 23, 2010.

In this case, counsel for the Creeds has filed on behalf of the Debtor the "Motion for Order Dismissing Involuntary Petition..." [Docket No. 28]. The hearing on that motion is scheduled for March 23, 2010 at 10:00 a.m. That motion to dismiss asserts that "filing the involuntary petition was improper and in bad faith and that this case should be dismissed by the Court pursuant to Section 303 of the Bankruptcy Code." See "Motion for Order Dismissing Involuntary Petition . . ." at p. 3, ll. 6 – 7.

### III.

### AUTHORITY FOR RELIEF FROM STAY UNDER §362(d)

Pursuant to §362 the Court shall, at the request of a party in interest and after notice and a hearing, grant relief from stay. 11 U.C.S. §362(d) provides "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section such as by terminating, annulling modifying or conditioning such stay". *11 U.S.C. §362(d)*. Bay Area seeks an order from this Court lifting the automatic stay and annulling the automatic stay retroactively to the Petition Date because the Debtor's involuntary case appears to have been filed in order to frustrate the efforts of secured parties, including Bay Area.

1. Cause under 11 U.S.C. §362(d) to lift the stay

Bankruptcy Code §362(d)(1) provides that the stay may be lifted "for cause, including the lack of adequate protection of an interest in property of such party in interest". *11 U.S.C. §362(d)(1)*. Cause exists under §362(d)(1) to grant Bay Area's

---

[2] The Court has further continued that hearing to April 7, 2010 per the "Memorandum of Opinion Regarding Motion for Sanctions" [Docket No. 29].

Supplemental Memorandum of Points and Authorities in Support of
4  Motion for Relief from Stay

request to lift the stay because Bay Area's interest in the Property is not adequately protected by an adequate equity cushion, the fair market value of the Property is declining, and payments are not being made to Bay Area sufficient to protect Bay Area's interest against that decline. As detailed in Bay Area's motion to lift the stay, the Debtor does not have any equity in the Property. The Property is subject to three deeds of trust, which are held by Chase ($1.8 million), Bay Area (approximately $236,000) and MAM (approximately $570,000), and the amount owed to those parties exceeds the estimated value of the Property, which is $2,200,000.

2. <u>Cause for retroactive annulment of the stay</u>

The Court of Appeals has explained the requirements for lifting the automatic stay and annulling the stay retroactively to the Petition Date:

> The bankruptcy court is obligated to grant relief from the automatic stay upon a showing of "cause." 11 U.S.C. § 362(d). Although Congress did not define "cause" and we must make our determination on a case-by-case basis, "any equitable exception to the automatic stay should be narrow and applied only in extreme circumstances." *In re Shamblin*, 890 F.2d 123, 126 (9th Cir. 1989). We have looked primarily to two factors in considering a request to retroactively annul an automatic stay: "(1) whether the [other party] was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the [other party]." *In re Newco*, 129 F.3d at 1055. These two factors, as well as the others we are to consider, weigh so strongly in favor of retroactively annulling the stay that the bankruptcy court's "judgment was clearly against the logic and effect of the facts as are found." *Wing v. Asarco*, 114 F.3d 986, 988 (9th Cir. 1997).

*Gruenbaum v. Bankers Trust Co. (In re Goldstein)*, 5 Fed. Appx. 757, 759 (9th Cir. Ariz. 2001). Bad faith includes a debtor's efforts to delay or frustrate secured creditors:

> Under § 1112(b), a Chapter 11 petition may be dismissed for cause "if it appears

that the petition was filed in bad faith." *See In re Stolrow's Inc.*, 84 B.R. at 170.

"Bad faith exists if there is no realistic possibility of reorganization and the debtor seeks merely to delay or frustrate efforts of secured creditors." *See In re Boulders on the River*, 164 B.R. at 103.

*In re Sagewood Manor Assocs. Ltd. Pshp.*, 223 B.R. 756, 761 (Bankr. D. Nev. 1998); *Pacific First Bank ex rel. RT Capital Corp. v. Boulders on the River (In re Boulders on the River)*, 164 B.R. 99, 103 (B.A.P. 9th Cir. Or. 1994) (same); *see St. Paul Self Storage Ltd. Partnership v. Port Auth. (In re St. Paul Self Storage Ltd. Partnership)*, 185 B.R. 580 (B.A.P. 9th Cir. Ariz. 1995).

A bankruptcy court should dismiss an involuntary petition for bad faith if it finds that the petitioning creditors acted solely to obtain an automatic stay to stop a pending foreclosure. *In re Mi La Sul*, 380 B.R. 546, 554 (Bankr. C.D. Cal. 2007). In *Mi La Sul*, the creditors had hoped to obtain the property by pressuring the foreclosing creditor into accepting a lower payoff, and the court dismissed the case because the petitioning creditors acted solely to obtain an automatic stay to stop a pending foreclosure. *Id.* A similar situation occurred in *In re Stern*, 268 B.R. 390 (Bankr., S.D.N.Y. 2001), where an involuntary petition was never formally served because the petitioning creditors only wanted to buy time to negotiate with the bank and convince it to take less than it was owed. In such situations, a bankruptcy court does not need to wait for the alleged debtor to move to dismiss but can dismiss the case sua sponte. *Mi La Sul*, 380 B.R. at 554-55.

This case is like *Mi La Sul* and *Stern*. In this case, Bay Area sought to foreclose on the Property after its loan to the Creeds that is secured by the Property went into default. When that sale was imminent, Mr. Martinez attempted to file the Debtor's voluntary case in December, and that case was dismissed in January for lack of authority. Then when Bay Area's second scheduled sale was imminent, Mr. Martinez, on behalf of a member of the Debtor, filed this involuntary case to stop that sale. Accordingly, the only purpose for filing this case appears to have been to delay or frustrate Bay Area's

efforts to foreclose on the Property, which secured its loan. *See* the "Motion for Order Dismissing Involuntary Petition…" [Docket No. 28].

Bay Area was only made aware of this case by service of the Debtor's petition on the Petition Date and by MAM's counsel orally advising Bay Area's general counsel in the eleventh hour by telephone of the filing of this case at approximately 10:30 a.m. (and apparently left a voicemail at 9:40 a.m. with his assistant) on the Petition Date. The sale of the Property, though, had already been scheduled for that date at 10:30 a.m. Other properties were also scheduled for sale at that same time, and it is Bay Area's understanding that the Property was actually sold at approximately 11:30 am on the Petition Date. This was insufficient notice to Bay Area in this situation to stop the sale process.

Further, this Court has already recognized that the first case "was filed to stop what appears to be a properly scheduled foreclosure sale by a third party." Memorandum Of Opinion Regarding Motion For Sanctions [Docket No. 29] entered on February 23, 2010. The purpose in this case was the same, so this case was filed in bad faith to hinder, delay or defraud creditors.

This involuntary case appears to have resulted from unreasonable or inequitable conduct by Mr. Martinez and/or MAM, and such conduct has prejudiced Bay Area and other secured creditors. Mr. Martinez may be subject to sanctions for attempting to file the Debtor's first bankruptcy case without authorization, and now he has filed this involuntary to further his or MAM's agenda, since the other members of the Debtor have sought dismissal of "voluntary" case as well as this case. If the stay is not annulled retroactive to the Petition Date, and if this case is dismissed, then Bay Area's sale on the Petition Date will be *void ab initio*, and Bay Area will be required to expend additional resources and time to carry out the same action – sale of the Property – that Mr. Martinez and MAM have sought in bad faith to impede.

## IV.

## CONCLUSION

Based on the foregoing, Bay Area requests that this Court enter an order annulling the automatic stay retroactive to the Petition Date and granting such other and further relief that this Court deems just and proper.

Dated: March 5, 2010

CLARKSON, GORE & MARSELLA
A Professional Law Corporation

By: /s/ Scott C. Clarkson
Scott C. Clarkson
Counsel for Creditor, Bay Area Financial Corporation

## SUPPLEMENTAL DECLARATION OF ASHTON F. PITTS

I, Ashton F. Pitts, declare as follows:

1. I am the Vice-President to Bay Area Financial Corporation, ("Bay Area"). I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2. In particular, I am one of the custodians of the books, records and files of Bay Area that pertain to the loans and extensions of credit involved in the above captioned proceeding, concerning the Property located at 57 Market Street, Venice, CA 90291 (the "Property"). I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge from them from the business records of Bay Area on behalf of Bay Area, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Bay Area's business at or near the time by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.

3. This declaration is being submitted in support of the Motion for Relief from the Automatic Stay, with which this declaration is being filed.

4. Bay Area is informed and believes the Debtor is not collecting rent from tenants of the Property and is not paying any monies from the rents received to either Chase (the holder of the first deed of trust) or Bay Area (the holder of the second deed of trust).

5. Based on the circumstances described in the Motion, Bay Area believes that this case was filed to frustrate Bay Area's efforts to protect its interests.

6. Bay Area holds a second trust deed secured by the Property, but the borrowers for that loan were Shari H. and Thomas S. Creed (the "Creeds"), not the Debtor.

7. When the loan was not paid as required, Bay Area sought to foreclose on the property.

8. Bay Area sought to proceed with a foreclosure sale of the real property on February 1, 2010. Because the Debtor's case was filed in bad faith and/or to hinder, delay or defraud creditors, Bay Area seeks for the Court to annul the automatic stay retroactive to the date of the filing of this case.

9. On August 19, 2009, Bay Area sent a Notice of Default because the borrowers had defaulted on the loan secured by the Property. On November 19, 2009, the trustee for Bay Area's trust deed sent a Notice of Trustee's Sale to the Creeds, which provided for sale of the Property on December 11, 2009. See Exhibit G to the Motion.

10. The sale of the Property was continued until February 1, 2010 and was held because Bay Area had learned that the Debtor's voluntary case had been dismissed in January 2010.

11. Bay Area was only made aware of this case by service of the Debtor's petition on the Petition Date and by MAM's counsel orally advising me by telephone of the filing of this case at approximately 10:30 a.m. (and she apparently left a voicemail at 9:40 a.m. with my assistant) on the Petition Date. The sale of the Property, though, had already been scheduled for that date at 10:30 a.m. Other properties were also scheduled for sale at that same time, and it is Bay Area's understanding that the Property was actually sold at approximately 11:30 am on the Petition Date. I believe that this was insufficient notice to Bay Area in this situation to stop the sale process.

12. The value of the Property is estimated based on the estimated finished value of the construction project when this loan was made ($2,800,000.00) that was reduced by a broker's price opinion of $2,400,000.00 from about six months prior to the Petition Date, and Bay Area estimates the softening commercial market has decreased the value of the Property to $2,200,000.00.

13. I believe that this case, like the Debtor's voluntary case, was filed to stop Bay Area's foreclosure sale.

I declare under penalty of perjury pursuant to the laws of the State of California that the

1  foregoing is true and correct and that this Declaration is executed on March 5, 2010, at
2  Los Angeles, California.
3
4                                                                            _____
5                                                                            Ashton F. Pitts

| In re:                              | CHAPTER 11                       |
|-------------------------------------|----------------------------------|
| 57 Market Street, LLC               | CASE NUMBER: 1:10-bk-11114-GM    |
| Debtor(s) and Debtors in Possession |                                  |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3424 Carson Street Suite 350
Torrance, CA 90503

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS); AND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FROM RELIEF FROM AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 5, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**UNITED STATES TRUSTEE (LA)**
**USTPREGION16.LA.ECF@USDOJ.GOV**
**MARGAUX ROSS MARGAUX.ROSS@USDOJ.GOV**

**ATTORNEY FOR DEBTOR**
**LESLIE COHEN LESLIE2LESLIECOHENLAW.COM**

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **March 5, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Attorney for MAM Wealth Mgmt Realty Fund**
Dana Douglas
16235 Devonshire St. Suite 19
Granada Hills, CA 91344

**Attorney for Debtor**
Leslie A. Cohen
506 Santa Monica Blvd. Suite 200
Santa Monica, CA 90401

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                           F 9013-3.1

| In re:                                    | CHAPTER 11                          |
|                                           |                                     |
| 57 Market Street, LLC                     | CASE NUMBER: 1:10-bk-11114-GM       |
|                      Debtor(s) and        |                                     |
|                      Debtors in Possession |                                     |

☒         Service information continued on attached page.

**Served via US Mail**

**Creditors**
MAM Wealth Mgmt Realty Fund
15456 Ventura Blvd. Suite 302
Sherman Oaks, CA 91403-3021

Ian Mitchell
3609 Seahorn Dr.
Malibu, CA 90265-5643

Rafael Sanchez
15456 Ventura Blvd. Suite 302
Sherman Oaks, CA 91403-3021

US Trustee
21051 Warner Ctr Lane  Suite 115
Woodland Hills, CA 91367-6550

Washington Mutual Bank
2210 Enterprise Dr.
Florence, SC 29501
DOC OPS M/S FSCE 440

Chase Mortgage
P.O. Box 78148
Phoenix, AZ 85062-8148

**SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 5, 2010** I caused the following person(s) and/or entity(ies) to be served by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours or 1 business day after the document is filed.

**Attorney for MAM Wealth Mgmt Realty Fund**
Danadouglas law@aol.com

**Attorney for Debtor**
leslie@lesliecohenlaw.com

☒         Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                        F 9013-3.1

| In re: | CHAPTER 11 |
|---|---|
| 57 Market Street, LLC<br><br>Debtor(s) and<br>Debtors in Possession | CASE NUMBER:  1:10-bk-11114-GM |

## JUDGE VIA MESSENGER
Geraldine Mund
21041 Burbank Blvd. Suite 342
Woodland hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 5, 2010 | Brenda L. Campos | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                    F 9013-3.1