Dana M. Douglas (Bar No. 220053)
Attorney at Law
16235 Devonshire St., No. 19
Granada Hills, CA 91344
Telephone: (818) 360-8295
Facsimile: (818) 360-9852
danadouglaslaw@aol.com

FILED
MAR 17 2010
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

Attorney for Alex Martinez and
MAM Wealth Management Real Estate Fund 1, LP

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>57 MARKET STREET LLC<br><br>    Alleged Debtor. | Case No. 1:09-BK-26620-GM<br><br>Chapter 11<br><br>**MAM WEALTH MANAGEMENT REAL ESTATE FUND 1, LP's OPPOSITION TO BAY AREA FINANCIAL CORPORATION'S MOTION FOR RELIEF FROM AND ANNULMENT OF STAY**<br><br>Date: March 23, 2010<br>Time: 10:00 a.m.<br>Ctrm: 303<br>    21041 Burbank Blvd.<br>    Woodland Hills, CA 91367 |

TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE; TO BAY AREA FINANCIAL CORPORATION, TOM CREED, SHARI CREED and STEPHEN FOREHT and THEIR ATTORNEY(S) OF RECORD; TO THE OFFICE OF THE UNITED STATES TRUSTEE:

MAM WEALTH MANAGEMENT REAL ESTATE FUND 1, LP ("MAM"), hereby opposes Movant BAY AREA FINANCIAL CORPORATION'S ("BAF") MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 (the "Motion") as follows:

DANA M. DOUGLAS
Attorney at Law

1    MAM Wealth Management Real Estate Fund
1, LP's Opposition to Motion for Relief from
Stay – Bay Area Financial Corporation

## I. STATEMENT OF FACTS

MAM Wealth Management Real Estate Fund 1, LP ("MAM") filed an involuntary petition in bankruptcy as to 57 Market Street LLC ("57 LLC" or the "Alleged Debtor") under Chapter 11 of 11 U.S.C. §303 et seq. (the "Bankruptcy Code") on February 1, 2010 (the "Involuntary Petition"), so as to reorganize the debts of 57 LLC, preserve the real estate that is the primary asset of the LLC and source of the Debtor's name, namely, 57 Market Street in Venice, California 90291, on which a foreclosure sale was pending, and thereby preserve the interests of the individuals and institutions who had invested (primarily retirement funds) in 57 LLC as part of an investment portfolio.

The primary asset of the Debtor's estate is the real estate that was the subject of the foreclosure action and pending sale ("57 Market Street" or the "Property"). There are three loans on 57 Market Street: a first mortgage of approximately $1,800,000 through Chase Mortgage, originally Washington Mutual, guaranteed by or in the name(s) of Tom Creed and/or Shari Creed (the "CREEDs") and on which there is no default; a home equity line of credit from Bay Area Funding of approximately $200,000, guaranteed by or in CREEDs' name and on which a notice of trustee's sale was recorded and a sale scheduled for February 1, 2010 and is the subject of the Motion (the "BAF Loan"), and a third mortgage of approximately $475,000 from MAM Wealth Management Real Estate Fund 1, LP, in the name of 57 LLC, which is also in default but on which no sale is scheduled.

A secondary asset of Debtor's estate is the rent that 57 LLC is entitled to collect from Shari Creed, and/or Mrs. Creed's very successful public relations business, Shari Creed Strategic Imaging, LLC, which agreed to pay $8,500 per month for its occupancy of the ground floor of 57 Market Street. Had the CREEDs required that Mrs. Creed, or Shari Creed Strategic Imaging LLC, pay the monthly rent as agreed under the terms of a lease of January 9, 2008, by and between 57 LLC and Shari Creed Strategic Imaging,
DANA M. DOUGLAS
Attorney at Law

2   MAM Wealth Management Real Estate Fund 1, LP's Opposition to Motion for Relief from Stay – Bay Area Financial Corporation

LLC, and as CREEDs, as managing members of 57 LLC were obliged to do, there would have been sufficient funds to service 57 LLC's debt load.

A third asset of the estate should be the unused proceeds (estimated to be approximately of $135,000) of the home equity line of credit from Bay Area Funding. The line of credit was obtained to renovate the first floor of 57 Market Street and add a second story thereby greatly increasing the value of the property (the increased value of the property was originally estimated as $2,800,000).

The Involuntary Petition followed a voluntary petition that was filed on December 9, 2009, by Alex Martinez, a member of 57 LLC, in a mistaken belief that he had the authority to do so as he thought (i) he had properly noticed CREEDs of a meeting of the LLC that they acknowledged but failed or refused to attend and (ii) that the 57 LLC Operating Agreement actually permitted a transfer of management of the LLC to anyone other than the CREEDs or their hand-picked marionette. The voluntary petition was dismissed upon the CREEDs' motion in January, 2010.

## II. **DISCUSSION**

Movant seeks Relief from and Annulment of the Automatic Stay on two bases, asserting: (1) Movant's interest in the collateral is not protected by an adequate equity cushion as the fair market value of the property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline; and (2) the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant and multiple bankruptcy filings affecting the property.

### A. **Adequacy of Protection**

(1) Value of the Property

The Movant argues that it should be granted relief from the stay because its interest is not adequately protected as there is no adequate equity cushion (Motion page 1, section 3a.(1)(a)) and because the Debtor has no equity in the Property.

DANA M. DOUGLAS
Attorney at Law

3    MAM Wealth Management Real Estate Fund 1, LP's Opposition to Motion for Relief from Stay – Bay Area Financial Corporation

While 11 U.S. Code § 362(d)(1) provides that relief can be granted upon a movant's showing that there is inadequate protection, § 362(d)(2) requires that the debtor must have no equity in the property AND it must not be necessary for an effective reorganization.

It is undisputed that the Property has been impacted by the same market conditions as nearly all California real estate and, therefore, its value has declined since the alleged Alleged Debtor acquired it. In the case of the Property, the market-wide decline has reached a point where the Debtor's equity has been consumed by the decrease in real estate values. Moreover, as noted above, certain work has not been performed on the Property and, therefore, it has had no opportunity to realize the potential value that has been attributed to it.

(2)  The Property is Essential for Reorganization of the Alleged Debtor

The Movant does not acknowledge that the purpose of the Involuntary Petition is to reorganize the Debtor. In order to grant relief, however, it must also be shown that the Property is "not necessary for an effective reorganization." In fact, the Property is essential to reorganization as it is the site where the business is operated that is Debtor's only source of income. Should the Property be sold the second asset of the Debtor, its right to collect rent for occupancy of the Property, will also have been eliminated.

Providing the Involuntary Petition is permitted to go forward, it extremely likely that the Alleged Debtor can be reorganized within a reasonable time and, in so doing, pay its debts and its investors realize the purpose for which they invested their retirement savings.

The "reasonable possibility of a successful reorganization within a reasonable time" is the criteria articulated by Justice Scalia for determining whether an undersecured creditor such as the Movant should receive relief (*United Savings Association v. Timbers of Inwood Forest*, 484 U.S. 365 (1988)). The Alleged Debtor should, at least, be entitled

DANA M. DOUGLAS
Attorney at Law

4

MAM Wealth Management Real Estate Fund 1, LP's Opposition to Motion for Relief from Stay – Bay Area Financial Corporation

to continue toward a finding by the Court that the Involuntary Petition was appropriately filed and, thereafter, to draft and present a plan of reorganization for approval without having the Property that is its primary asset, the only basis for its secondary asset and, therefore, essential to its reorganization snatched out from under it.

Moreover, although there is no evidence the Property is continuing to decline in value at any quantifiable rate, the responding party will cause the Alleged Debtor to tender a payment approximating the reasonable value of its decline at the time of the hearing currently scheduled for March 23, 2010, and will continue to make monthly payments at the same amount unless and until a plan of reorganization is approved calling for a different payment amount. The Debtor will bring proof that payment has been made to the court at the hearing.

B. The Bankrupcty Was Not Filed in Bad Faith to delay, Hinder or DefraudMovant

Movant asserts in its Supplemental Memorandum of Points and Authorities, in the paragraph entitled Introduction, that the Involuntary Petition was filed in bad faith and utilizes the timing of its filing vis-à-vis the impending foreclosure sale of 57 Market Street by Bay Area Financial to support their assertion. This assertion is incorrect.

The MAM entities include the interests of numerous individuals who have invested their hard-earned retirement funds in properties such as 57 Market Street. MAM has a duty to act in the interests of these investors and preserve the assets in which they have invested (see Declaration of Rafael Sanchez).

While there is no question that the impending trustee's sale of 57 Market Street determined the timing of the Involuntary Petition – there would have been little reason to file the Involuntary Petition after a sale had eviscerated the interests of the investors – the mere fact that the timing of the Involuntary Petition stopped a foreclosure sale is not evidence of bad faith. Indeed, according to the 8th Circuit, it is "the use of an

DANA M. DOUGLAS
Attorney at Law

5

MAM Wealth Management Real Estate Fund
1, LP's Opposition to Motion for Relief from
Stay – Bay Area Financial Corporation

involuntary case to effect a nonbankruptcy purpose [that] is recognized as an indication of bad faith." <u>Bankruptcy Service</u>, L Ed § 3a:40 (April 1999), citing <u>Basin Power Co-op v. Midwest Processing Co.</u>, 785 F.2d 483 (8th Cir. 1985). Unlike <u>Bankruptcy Service</u> and <u>Basin Power Co-op</u>, in this case the Involuntary Petition was filed for the exact purpose for which the procedure is intended: to protect the interests of creditors and to provide a mechanism for reorganizing a party's debts so that they can be paid and operations can continue.

Movants offer the previously filed and dismissed voluntary Chapter 11 petition filed by Alex Martinez as evidence of bad faith and ask the Court to annul the stay and, in so doing, authorize their defiance of the stay when they, admittedly, **continued on with Trustee's sale of the Property having had notice that the Involuntary Petition has been filed an hour, and possibly nearly two hours before the sale was conducted** (Supplemental Memorandum of Points and Authorities, page 7, lines 3-11) However, the "courts have found that an involuntary petition was filed in 'bad faith' based upon findings that the commencement of the involuntary case was motivated by ill well, a sense of malice, or to embarrass or harass the debtor. <u>In re R.F.P. Industries, Inc.</u> 73 B.R. 309 (Bankr. N.D. Fla. 1987); <u>In re Laclede Cab Co.</u>, 76 B.R. 687 (Bankr. E.D. Mo. 1987)." (The CREEDs' continuing failure to manage 57 LLC, as its managers, in a manner that fulfills its purpose, pays its debts and preserves its assets – and to oppose steps that would enable these things to occur – are facts that could be construed as evidence of bad faith on the part of those parties; however, MAM's intent in filing the voluntary petition in December and now in filing the Involuntary Petition is simply to preserve the assets of 57 LLC so that its debts can be reorganized in a manner that permits its creditors to be paid and its investors a continued opportunity to realize the benefit of having invested their retirements in 57 Market Street. This is not bad faith or an effort simply to delay, hinder or defaud Movant. **Movant, on the other**

DANA M. DOUGLAS
Attorney at Law

6    MAM Wealth Management Real Estate Fund 1, LP's Opposition to Motion for Relief from Stay – Bay Area Financial Corporation

hand, defied the Stay when it conducted the sale when, as it has admitted in its own moving papers, it knew the Involuntary Petition had been filed.

### III. CONCLUSION

MAM respectfully request that the Court deny the Motion, and neither grant relief nor annul the stay until, at a minimum, the viability of the Involuntary Petition can be determined.

Dated: March 17, 2010

Dana M. Douglas
Attorney at Law
Counsel for Alex Martinez and
MAM Wealth Management Real
Estate Fund 1, LP

DANA M. DOUGLAS
Attorney at Law

7    MAM Wealth Management Real Estate Fund 1, LP's Opposition to Motion for Relief from Stay – Bay Area Financial Corporation

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16235 Devonshire St., No. 19, Granada Hills, CA 91344.

The foregoing document described **MAM WEALTH MANAGEMENT REAL ESTATE FUND 1, LP's OPPOSITION TO MOTION FOR RELIEF FROM AND ANNULMENT OF STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **3/17/10** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Margaux Ross – margaux.ross@usdoj.gov
- Leslie Cohen – leslie@lesliecohenlaw.com
- United States Trustee (SV) – ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **3/7/10** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Hon. Geraldine Mund**
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **3/17/10** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

DANA M. DOUGLAS
Attorney at Law

Proof of Service

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/17/10 | Dana M. Douglas | /s/ Dana M. Douglas |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

Bay Area Financial Corp.
12400 Wilshire Blvd., Ste. 230
Los Angeles, CA 90025-1055

Chase Mortgage
P.O. Box 78148
Phoenix, AZ 85062-8148

MAM Wealth Management Realty Fund
15456 Ventura Blvd., Ste. 302
Sherman Oaks, CA 91403-3021

Stephen Foreht
139 W. 82nd St.
New York, NY 10024

Thomas Sharp Creed
Shari Creed
516 Beirut Ave.
Pacific Palisades, CA 90272

Ian Mitchell
3609 Seahorn Dr.
Malibu, CA 90265-5643

Rafael Sanchez
15456 Ventura Blvd., Ste. 302
Sherman Oaks, CA 91403-3021

US Trustee
21051 Warner Center Lane, Ste. 115
Woodland Hills, CA 91367-6550

DANA ,M. DOUGLAS
Attorney at Law